# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| CENTIMARK CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | )   No. 4:11-CV-720 CAS |
| v. | ) |
| | ) |
| PHILIP J. CHRISTOFFERSON, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on defendants Cockriel and Christofferson, LLC, and Philip Christofferson's motion for sanctions. Defendants ask the Court to exclude plaintiff's expert, Timothy Gammon, Esq., because plaintiff failed to provide defendants with a complete expert report in a timely manner. Also before the Court is defendants' motion to strike Mr. Gammon's expert report and exclude him from testifying because, defendants argue, Mr. Gammon's opinions lack the proper foundation, among other things. Plaintiff opposed both motions and filed response memoranda, to which defendants replied. The motions being fully briefed are ripe for review. For the following reasons, the Court will deny defendants' motion for sanctions, and deny as moot defendants' motion to strike plaintiff's expert report and preclude Mr. Gammon from testifying.

### *I. Background*

Although the background of this case has been detailed in prior memoranda and orders, the Court will repeat it again here. This is an action for legal malpractice arising from defendants' representation of Centimark Corporation ("Centimark") in the case Liberty Mutual Fire Insurance Company v. Centimark Corporation, 4:08-CV-230 DJS ("Underlying Litigation"). Centimark hired defendants Philip Christofferson and his firm Cockreil and Christofferon to represent the company

in the Underlying Litigation. Sometime during the course of the Underlying Lititation, Centimark terminated its relationship with defendants and hired different counsel. The Underlying Litigation then went to trial, and John P. Liekar, Jr. and Allen Press acted as trial counsel for Centimark. The case was submitted to the jury, which rendered a verdict against Centimark in the amount of $450,000.00. The parties appealed, but ultimately they settled the Underlying Litigation for $390,000.00. Centimark now brings a claim of legal malpractice against defendants Philip J. Christofferson and Cockreil and Christofferon. Defendants answered the complaint and denied the allegations. In addition, they have brought a counterclaim against Centimark for their attorneys' fees.

The Court entered a Case Management Order in the above-captioned case on September 19, 2011. Under its terms, plaintiff was to disclose its experts on or before February 1, 2012, and make them available for deposition by April 2, 2012. Defendants were to disclose their experts on or before May 1, 2012, and make them available for deposition by July 2, 2012. On January 31, 2012, plaintiff filed a motion for additional time to designate a legal malpractice expert. Plaintiff requested two additional weeks to disclose its expert. In its motion, plaintiff noted that defense counsel opposed the request for additional time. The Court waited for the response time to expire before ruling on the motion. Defendants, however, did not file a response memorandum. On February 14, 2012, the Court entered an Amended Case Management Order. The Court granted plaintiff's motion and extended plaintiff's expert disclosure deadline to February 17, 2012. This was the only deadline that was changed at the time.

Plaintiff disclosed Timothy Gammon, Esq., as its expert on legal malpractice. According to defendants' motion and memoranda, defense counsel received an unsigned copy of Mr.

Gammon's expert report on February 8, 2012. On February 13, 2012, they received a second "draft" of Mr. Gammon's report, which contained three additional opinions. On February 17, 2012, defendants filed a motion with the Court to strike the expert report and preclude Mr. Gammon from testifying. Defendants argue in their motion, among other things, that Mr. Gammon's opinions lack the proper foundation because he did not review the trial transcript or speak with trial counsel. This motion is presently before the Court.

On March 7, 2012, defendants served a notice of deposition to take Mr. Gammon's deposition on March 28, 2012. On the day of the deposition defendants were provided with yet another revised expert report from Mr. Gammon, which was dated March 24, 2012. Defense counsel did not postpone the deposition or seek relief from the Court. He reviewed the new seven-page report and went forward with the deposition. Mr. Gammon was questioned extensively about his new report and the opinions contained therein. At the deposition, Mr. Gammon stated that some of his opinions were based on an economic loss memorandum that he had created, but he did not produce the memorandum at the deposition. The memorandum was produced to defendants a day after the deposition.

On April 28, 2012, defendants filed an uncontested motion to extend the time to disclose their expert by three (3) days. The Court granted defendants' motion, and moved defendants' expert disclosure deadline to May 4, 2012. Defendants disclosed their expert on May 3, 2012. It is the Court's understanding that defendants' expert will be deposed within the time allowed by the Case Management Order. Defendants filed their motion for sanctions on May 10, 2012. Discovery is set to close in this case on August 1, 2012, and the dispositive motion deadline is August 31, 2012. The case is set for trial on February 11, 2013.

## *II. Discussion*

**A.     Motion to Sanctions for Plaintiff's Failure to Disclose the Expert Report in a Timely Manner**.

Defendants move, pursuant to Rules 26 and 37 of the Federal Rules of Civil Procedure, that the Court sanction plaintiff and strike its expert, Mr. Gammon, as well as award them attorneys' fees and costs. Defendants argue plaintiff failed to disclose Mr. Gammon's expert report in a timely manner, as provided under the Case Management Order and the amendment thereto.

A party's failure to disclose information as required by a Case Management Order may result in exclusion of that evidence as an appropriate sanction: "A party that . . . fails to disclose information required by Rule 26(a) . . . shall not be permitted to use [the nondisclosed information] as evidence at trial, at a hearing, or on a motion unless such failure is harmless or there was substantial justification for the failure." Trost v. Trek Bicycle Corp., 162 F.3d 1004, 1008 (8th Cir. 1998) (citing Fed. R. Civ. P. Rule 37(c)(1)) (internal quotations omitted). Rule 16 gives this Court the authority to set management deadlines and to impose sanctions for their violation. Fed. R. Civ. P. 16(b), (c)(5)-(7), (f). The rules thus permit a court to exclude untimely evidence unless the failure to disclose was either harmless or substantially justified. Trost, 162 F.3d at 1008 (affirming district court's decision to exclude the opinion of plaintiff's expert witness where his affidavit and report were produced late).

Plaintiff did provide an expert report to defendants on February 8, 2012, but the report was unsigned and later described at Mr. Gammon's deposition as a draft. On February 13, 2012, plaintiff provided defendants with a second expert report, which contained three additional opinions. The second revised expert report was provided within the time allowed under the amendment to the Case Management Order. Defendants noticed Mr. Gammon up for deposition on March 28, 2012. On

4

the day of the deposition, plaintiff provided defense counsel with a third expert report dated March 24, 2012. The expert's economic loss memorandum was provided on March 29, 2012, a day after the deposition. The third revised expert report and supporting memorandum were provided more than a month after the export disclosure deadline.

Defendants argue that they have been prejudiced by the untimely disclosure because they were "surprised" at the deposition by the new revised report, and defense counsel had to take additional time to "decipher" and review the new report before proceeding with the deposition. Furthermore, defendants argue, they had to wait until after Mr. Gammon's deposition, when the third report was revealed, to retain an expert.

The Court agrees with defendants that plaintiff did not provide a complete expert report within the time allowed by the amended Case Management Order. The third report was not merely a supplementation to previous reports, but it contained additional opinions, which were based on information that was readily available at the time of the initial disclosure. The Court finds plaintiff violated Rule 26 by not providing a complete expert report in a timely manner. But how were defendants harmed, and what is the appropriate remedy? Defendants would have the Court exclude the expert report and preclude Mr. Gammon from testifying in this case. Under the circumstances, the Court finds exclusion would be a harsh sanction, which is not proportional to the violation.

The Eight Circuit has listed a number of factors for the district courts to consider before excluding evidence. They are: the reason for noncompliance, the surprise and prejudice to the opposing party, the extent to which allowing the information or testimony would disrupt the order and efficiency of the trial, and the importance of the information or testimony. Wegner v. Johnson,

527 F.3d 687, 692 (8th Cir. 2008). See also Sellers v. Mineta, 350 F.3d 706, 711-12 (8th Cir. 2003); Marti v. City of Maplewood, 57 F.3d 680, 683 (8th Cir. 1995).

The Court is not entirely satisfied with plaintiff's excuse for the late disclosure. Plaintiff responded to defendants' motion and gave no explanation for the late-disclosure, other than to say that Mr. Gammon was given more information and did some additional research. That said, the harm to defendants appears to be de minimis, if that. Defense counsel went forward with Mr. Gammon's deposition as scheduled and did not request a continuance. Defendants did not file a motion with the Court asking for relief until more than six weeks after the expert's deposition and the untimely disclosure. Furthermore, the late disclosure did not appear to hamper defendants in retaining their own expert. Defendants were able to disclose their own legal malpractice expert on May 3, 2012, after they were granted a three-day extension. Other than being "surprised" at the deposition and having to read additional information, the Court cannot see how defendants were harmed, especially because there are no dispositive motions on file, discovery has not yet closed, and the dispositive motion deadline and trial are months away.

The present case is not like Trost v. Trek Bicycle Corp., 162 F.3d 1004, 1008 (8th Cir. 1998). In Trost, the Eight Circuit held it was not an abuse of discretion for the trial court to exclude the plaintiff's only expert, a metallurgist, in a products liability case where plaintiff's disclosure was 60 days late, there was no substantial justification for the lateness, and the delay was not harmless. The Eighth Circuit found the delay was not harmless because (i) there was a summary judgment motion pending, and defendant had partially premised its motion for summary judgment on the lack of expert opinion to support plaintiff's claims; (ii) the case was then on the trial court's fast approaching trial docket and there was little time to prepare to refute the evidence; and (iii) the

court's trial calendar would have been disrupted if a continuance became necessary. Id. The present case is also not akin to Wegner v. Johnson, 527 F.3d 687 (8th Cir. 2008).  There, the Court of Appeals held it was not an abuse of discretion to exclude the testimony of a medical expert whose supplemental opinions were disclosed two and a half weeks before trial – a trial setting that had been postponed numerous times. Id. at 692.  Here, the parties are still in the midst of discovery.  There are no pending dispositive motions and the dispositive motion deadline is still months away. Furthermore, trial is scheduled for next year.  While the Court certainly does not condone plaintiff's conduct, the only harm appears to be that defense counsel was surprised by the revised report and needed to take extra time to review the new report on the day of the expert's deposition.  Defense counsel was able to do this, most likely, because Mr. Gammon's opinions are not highly technical or scientific.  Mr. Gammon is a legal expert, which is defense counsel's area of expertise as well. Although he was taken off-guard, it would appear defense counsel was able to re-group and proceed with the deposition, as well as retain and prepare an expert for the defense in a timely manner.

After weighing all the relevant circumstances, and taking into consideration the current posture of this case, the Court finds plaintiff's conduct in disclosing its expert report does not warrant exclusion of said expert.  The Court will deny defendants' motion for sanctions.

      **B.**      **Motion to Strike Expert Report and Preclude Expert from Testifying**

Also pending before the Court is plaintiff's motion to strike plaintiff's expert, Timonthy Gammon, and his report because: (1) Mr. Gammon did not read the trial transcript from the Underlying Litigation prior to rendering his opinions; (2) in forming Mr. Gammon's opinions he did not rely on discussions with Alan Press about the trial; (3) two of the "facts" upon which Mr. Gammon relies are actually conclusions; (4) in his report Mr. Gammon mistakenly referred to

7

defendants as "trial lawyers", when in fact they were fired prior to trial; and (5) Mr. Gammon incorrectly states in his report that the jury verdict was $490,000.00, when it was $450,000.00. Defendants argue Mr. Gammon's report is not based on reliable data and information, therefore, it fails to meet the requirement that expert testimony must assist the trier of fact to better understand concepts that require specific expertise, and the report and expert should be stricken.

Defendants' motion is based on Mr. Gammon's expert report dated February 7, 2012, which was attached to defendants' memorandum in support. As defendants complain, Mr. Gammon has since revised his report. Many of the issues defendants raise in their motion have been addressed in the new report. For instance, it is now clear that Mr. Gammon has reviewed the trial transcript, he has corrected the amount of the verdict, and he no longer refers to defendants as trial counsel.[1] Because the February 7, 2012 report has since been revised, the Court finds defendants' motion is now moot. Defendants' motion to exclude Mr. Gammon's report and his testimony is denied.

Accordingly,

**IT IS HEREBY ORDERED** that defendants Philip J. Christofferson and Cockreil and Christofferson, L.L.C.'s Motion to Strike Plaintiff's Expert Report and Exclude Plaintiff's Expert from Testifying is **DENIED as moot.** [Doc. 36]

---

[1]It is not clear whether Mr. Gammon spoke with Mr. Press, trial counsel, before forming his opinions, but the Court will not exclude the report on this ground.

**IT IS FURTHER ORDERED** that defendants Philip J. Christofferson and Cockreil and Christofferson, L.L.C.'s Motion for Sanctions as to Plaintiff's Expert is **DENIED.**  [Doc. 50].

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  6th  day of June, 2012.